UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARVIND KUMAR JAY JAISWAL,  )<br>  )<br>           Plaintiff,  )<br>  )<br>v.  )<br>  )<br>RAHUL CHATURVEDI,  )<br>  )<br>           Defendant  )<br>  ) | Action No. |

## COMPLAINT

Plaintiff Arvind Kumar Jay Jaiswal ("Jaiswal" or "Plaintiff") brings this Complaint against Defendant Rahul Chaturvedi ("Chaturvedi" or "Defendant"), and states as follows:

## INTRODUCTION

1. Jaiswal brings this action to address the latest in a series of specious claims by serial, pro se litigant Chaturvedi. Despite having no agreement of any kind with Jaiswal, let alone a written security agreement, Chaturvedi filed a UCC-1 financing statement with the Massachusetts Secretary of State's Office, claiming to have a security interest in Jaiswal's assets. Despite due demand, Chaturvedi has refused to withdraw the financing statement. Jaiswal requests a declaration that Chaturvedi's financing statement has no legal force or effect as to Jaiswal, and injunctive relief compelling Chaturvedi to terminate and/or withdraw the financing statement as it applies to Jaiswal and restraining him from making any further UCC filings with the Massachusetts Secretary of State as to Jaiswal. Jaiswal also requests that Chaturvedi be ordered to pay all of Jaiswal's reasonable costs and attorneys' fees in bringing this action.

## PARTIES

2.  Plaintiff Arvind Kumar Jay Jaiswal is an individual residing in Fairfax, Virginia.

3.  Defendant Rahul Chaturvedi is an individual residing in East Falmouth, Massachusetts.

## JURISDICTION AND VENUE

4.  This Court has personal jurisdiction over Defendant pursuant to G.L. c. 223A, § 2 because he resides in Massachusetts.

5.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties.

6.  Venue is proper in this Division of this District under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of Massachusetts in which the district is located.

7.  This action is also before the Court pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

## FACTS

8.  In order for a security interest to attach to collateral, M.G.L. ch. 106, § 9-203(b) requires that the secured party obtain an authenticated security agreement, signed by the party that owns the collateral. The law is also clear that only those creditors that seek to "perfect or continue the perfection of a security interest" may file a financing statement with the Massachusetts Secretary of State's Office. M.G.L. ch. 106, § 9-808(2).

9.  In addition to the aforementioned requirements, M.G.L. ch. 106, § 9-203(b) also requires that value be given by the creditor before a security interest attaches to the debtor's collateral.

10. Jaiswal has never signed a security agreement with Chaturvedi and is not a party to

any agreement with Chaturvedi.

11. Jaiswal has never received anything of value from Chaturvedi and has never promised any of his property to Chaturvedi as collateral in exchange for the receipt of something of value.

12. On July 12, 2021, at or around 4:03 PM, Chaturvedi filed with the Massachusetts Secretary of State Filing No. 202179089390 ("Financing Statement") naming Jaiswal as a Debtor of Record to Chaturvedi, and claiming to have a security interest in Jaiswal's assets (and the assets of others). A copy of the Financing Statement is attached hereto as **Exhibit A**.

13. Chaturvedi wrongfully filed the Financing Statement because he never entered into a security agreement with Jaiswal.

14. Chaturvedi wrongfully filed the Financing Statement because Jaiswal does not owe any money to Chaturvedi and has never had any contractual relationship with Chaturvedi, in writing or otherwise.

15. On August 18, 2021 at or around 1:34 PM, Jaiswal, through undersigned counsel, filed a UCC-5 Correction form with the Massachusetts Secretary of State that stated the Financing Statement was wrongfully filed and patently false. On information and belief, the UCC-5 Correction form provides notice to potentially interested parties, but by itself does not serve to invalidate the Financing Statement.

16. Jaiswal has demanded in writing that Chaturvedi withdraw the Financing Statement.

17. Chaturvedi has refused to withdraw the Financing Statement.

## COUNT I
### DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF

18. Plaintiff repeats and realleges the foregoing allegations as if fully set forth herein.

19. An actual case or controversy exists between Plaintiff and Defendant concerning the

validity and enforceability of the Financing Statement.  Justice requires that the Court resolve this dispute.

20. Plaintiff is entitled to a declaration that: (i) Jaiswal is not a debtor of Chaturvedi; (ii) there is no security agreement, or any agreement, between Jaiswal and Chaturvedi; and (iii) the Financing Statement contains false information and was wrongfully filed with respect to Jaiswal.

21. Jaiswal is also entitled to an order: (i) compelling Chaturvedi to file such documents with all appropriate offices (including the Massachusetts Secretary of State) as are necessary to terminate or correct the Financing Statement as to Jaiswal; (ii) enjoining Chaturvedi from filing any further UCC filings as to Jaiswal, in Massachusetts or elsewhere.

**WHEREFORE**, Plaintiff Arvind Kumar Jay Jaiswal prays that the Court:

A. Enter judgment in his favor and against Defendant on all Counts of the Complaint;

B. Enter the declaratory relief set forth in Count I above and any other declaratory relief consistent therewith;

C. Enter an order: (i) compelling Chaturvedi to file such documents with all appropriate offices (including the Massachusetts Secretary of State) as are necessary to terminate or correct the Financing Statement as to Jaiswal; (ii) enjoining Chaturvedi from filing any further UCC filings as to Jaiswal, in Massachusetts or elsewhere;

D. Using the Court's inherent powers, order Chaturvedi to pay all reasonable costs and attorneys' fees incurred by Jaiswal in connection with addressing the Financing Statement, including but not limited to those costs and fees incurred in commencing and prosecuting this action; and

E. Grant him such other and further relief as is just or appropriate.

5

        Respectfully submitted,

        ARVIND KUMAR JAY JAISWAL,

        By his attorney,


        __/s/ David B. Mack_____
        David B. Mack (BBO # 631108)
        dmack@ocmlaw.net
        Amanda F. Hobson (BBO # 707298)
        O'Connor Carnathan and Mack LLC
        67 South Bedford Street, Suite 400W
        Burlington, MA 01803
        Telephone:  781.359.9000
        Facsimile:  781.359.9001

Dated:  August 26, 2021