FILED
IN CLERKS OFFICE

2021 NOV 17 PM 4: 29

**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS** DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ARVIND KUMAR JAY JAISWAL, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. |
| v. ) | 1-21-cv-11403-FDS |
| ) | |
| RAHUL CHATURVEDI ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |

## DEFENDANT RAHUL CHATURVEDI'S MOTION TO DISMISS

Defendant Rahul Chaturvedi ("Chaturvedi"), hereby respectfully prays the Court for

relief under Fed. R. Civ. P. 12(b)(4) and 12(b)(5) as follows:

**INTRODUCTION** ..................................................................................................2

**STATEMENT OF FACTS** ......................................................................................2

    Relevant Background on Material Default and UCC-1 Financing Statements .........................3
    Chaturvedi's Results-Oriented Approach in Solving Multiple Contemporaneous Crises .........4
    Jaiswal's New Manufactured Crisis Emerges ...............................................................5
    Chaturvedi Issues Jaiswal His Fourth Post-Termination Notice .......................................6

**LEGAL ARGUMENT** ...........................................................................................6

    Insufficient Service of Process ..................................................................................6
    No Justifiable Reason for Delay in Perfection of Service ..................................................7
    Pending Lawsuit Filing by Chaturvedi ........................................................................7

**CONCLUSION** ...................................................................................................7

**PRAYER FOR RELIEF** .......................................................................................8

**INTRODUCTION**

Plaintiff Arvind Kumar Jay Jaiswal ("Jaiswal") has single-mindedly infringed on several Chaturvedi-created intellectual properties and has interfered with and deprived Chaturvedi's businesses of millions of dollars of revenues since 1998.[1]

On 11/13/2021, Chaturvedi first became aware of this lawsuit, when he found a loose-leaf copy of the summons and amended complaint in a USPS mailbox about 150 yards away from the physical property, without any notice or approach by a process server. Counsel for plaintiff maintains that this service of process is proper and offers no substantive justification about the delay— now approaching 90 days—in noticing Chaturvedi of this lawsuit filed on 8/26/2021. Despite his notifying plaintiff's counsel, Chaturvedi still has not been served almost four days later.

**STATEMENT OF FACTS**

Relevant to the gravamen of Jaiswal's Amended Complaint, Chaturvedi issued Jaiswal his fourth post-termination Notice on 11/9/2021, in which he extensively documented his widespread and growing unlawful acts— that had caused postponement of a scheduled financing related pre-closing meeting (*infra* at 5—"Jaiswal's New Manufactured Crisis Emerges"), in violation of the terms and provisions that survived termination of the license agreement (the

---

[1]    Chaturvedi has extensively apprised the FDS Court in the District Court of Massachusetts in his answer in Dkt. 1:21-cv-10972-FDS, ECF No. 28, filed on 10/5/2021 and in several filings in 1:20-cv-11880-FDS (*Chaturvedi v. Siddharth et. al*, filed on 10/20/2020); in 20-12087-JEB, in Re: *Rahul Chaturvedi*, filed on 10/20/2020); in Chaturvedi's appeal from 20-12087 (1:21-cv-10099-FDS); and in Re: *Rahul Chaturvedi* before the United States Panel on Multidistrict Litigation (MDL-3016, filed on 8/3/2021). Chaturvedi has similarly answered Jaiswal's associate's complaint in Norfolk Superior Court (2182CV00699, *Siddharth v. Chaturvedi*, Doc.ID 18, filed on 10/18/2021).

"Compact").[2] This license provided Jaiswal and his authorized agents access to a system (the "CA-System")[3] of creating securities that could be listed in and exit to regulated public markets.[4]

*Relevant Background on Material Default and UCC-1 Financing Statements*

Jaiswal willfully caused a Material Default in the Compact by naming Moolex LLC as a defendant in 1:21-cv-10972 (*Ascend Capital LLC v. Chaturvedi et al*, filed on 6/10/2021), after Chaturvedi terminated Jaiswal's license—the Compact—on 6/12/2020 for cause. The negative entries created in the CA-System's ledgers (from unpaid pay orders and monetary damages assessed from violations of Jaiswal and his associates) became immediately due and payable upon Material Default. Chaturvedi, as the Approving Principal of the defaulting Founder Members in question, faced the daunting task of curing a default of more than $150 million.

Chaturvedi has extensively documented with this Court the risk of adverse impact on his own Founder Member license if he is not able to enforce the provisions of the defaulted Loan and Security Agreements and raise emergency financing to remedy the negative ledger entries. Chaturvedi has also attached his second and third issued Notices.[5]

Chaturvedi took possessory control of Jaiswal's electronic chattel paper on 6/21/2021 (along with those of Jaiswal's other associates in the CA-System) and perfected the security interest by lawfully filing UCC-1 Financing Statements.

---

[2]    Between Chaturvedi (as the sponsor, licensor, and additionally lessor, lender, secured party, and collateral agent) and Jaiswal (as the licensee, lessee, borrower, and guarantor) as the counterparty. Upon execution and delivery of the Compact (and its Loan Agreement and Security Agreement), the Compact became electronic chattel paper, enforceable under the UCC laws.

[3]    A preview is available online at https://moolex.org, *last accessed* on 11/17/2021.

[4]    In compliance with applicable federal laws and regulations that are enforced by the Securities and Exchange Commission, and by each country's laws as they relate to money remittance, payments, and international commerce.

[5]    *See e.g.*, Dkt. 1-21-cv-10972, ECF Nos. 23, 24 along with Exhibits of Notices.

While in litigation with Jaiswal and his associates, and especially during the last four months, Chaturvedi has had to firefight one Jaiswal-instigated or -manufactured crisis after another, by focusing on efficient dispute resolution and judicial economy. The diligent and timely response to these crises, however, has had the adverse impact of delaying Chaturvedi's filing his lawsuit to enforce the Compact and collect on the liens.

*Chaturvedi's Results-Oriented Approach in Solving Multiple Contemporaneous Crises*

Since 1998, despite several losses[6] that Chaturvedi has endured in business and in two bankruptcies (in 2007 and in 2020), Chaturvedi had relied on Jaiswal, who had always held himself to be a well-wisher. During and after the 9/21/2019 meeting (*supra* Note 6), it became clear that Jaiswal betrayed the trust and goodwill of Chaturvedi and his family and was directly responsible in several of Chaturvedi's losses.

Since early 2020 and continuing until his most recent false filing to the Secretaries of State in Virginia and Nevada, Jaiswal, has now overtly contentious and has been the instigator and antagonist in multiple contemporaneous crises that Chaturvedi has faced.

Notwithstanding ongoing crises, Chaturvedi succeeded in his efforts to raise the funds to cure the Material Default,[7] subject to certain milestones. However, on 10/21/2021, a scheduled pre-closing meeting for the financing had to be postponed, as substantial reports of requests for payments from unaccounted transactions surfaced.

---

[6]      It was not until a meeting between Chaturvedi and Jaiswal on 9/21/2019 that Jaiswal's true motives in joining the CA-System on 7/27/2018 came to light. After repeated violations of the terms of the Compact, Jaiswal issued an ultimatum—that should Chaturvedi not yield control of Moolex and the CA-System to his group, then Moolex and Chaturvedi would be destroyed. Chaturvedi then terminated Jaiswal's license and his 22-year relationship with Jaiswal on 6/12/2020. This has been extensively documented in 1:20-cv-11880-FDS and MDL-3016.

[7]      These efforts rely on Chaturvedi's effective enforcement of the Security Agreement and liens filed by Chaturvedi against Jaiswal and others.

**Defendant's Motion to Dismiss**                4                **Case No. 1:21-cv-11403-FDS**

*Jaiswal's New Manufactured Crisis Emerges*

On 10/25/2021, Chaturvedi apprised the Court (*see* Dkt. 1:21-cv-10972, ECF No. 33) of an impending short delay in his filing the lawsuit, because of the prospect of yet another massive crisis.

During the last three weeks, widespread infringement, and sale of counterfeit goods, directly or indirectly by Jaiswal and his network, bearing Chaturvedi's marks were discovered and documented in India, Canada, UAE, and the U.S. in violation of the Compact. In the process, Jaiswal and his agent network unfairly profited in the sale of these goods, and egregiously infringed on various CA-System–licensed marks. This scheme created substantial liability in the CA-System.

The Court may note that these infringements by Jaiswal are egregious. After being caught red-handed during the proceedings in 1:20-cv-11880-FDS,[8] Jaiswal, in a court filing, then claimed abandonment of his fraudulent applications with the USPTO.[9] Chaturvedi refuted Jaiswal's false statements in his filings.[10] The Court denied relief to Jaiswal.[11]

To ensure that the financing move forward, Chaturvedi has worked with his colleagues to establish an asset pool to cover the substantial risk of loss to protect unwitting Founder Members and their agents in several jurisdictions, who have suffered losses from the consigned sale of their goods to Jaiswal's agents during 2020-2021. That this harm is continuing made it critical for Chaturvedi to notice Jaiswal and seek immediate intervention.

---

[8]     *See* Dkt. 1:20-cv-11880, ECF Nos. 46, 47.

[9]     *See id.*, ECF No. 48.

[10]    See *id.*, ECF No. 49.

[11]    *See id.*, ECF No. 51.

*Chaturvedi Issues Jaiswal His Fourth Post-Termination Notice*

In his fourth post-termination Notice to Jaiswal on 11/9/2021, Chaturvedi detailed verifiable evidence of ongoing violations and projected the scope of monetary and other damages if Jaiswal did not immediately cease and instruct his agents to cease unlawful acts in violation of the covenants that survived his termination. Jaiswal remained non-responsive to Chaturvedi's Notice.

According to the Amended Complaint in this action (ECF No. 4), later that day, on 11/9/2021, Jaiswal retaliated by filing false complaints with the Secretaries of State in Virginia, and Nevada.

## LEGAL ARGUMENT

*Insufficient Service of Process*

The hand-delivery of loose-leaf papers (not official US mail) into a USPS mailbox (U.S. federal property) is illegal under 18 U.S.C. § 1725, but also contravenes proper service of process under Fed. R. Civ. P. Rule 4(e). Rule 4(e)(2)(B) states that an individual within a judicial district of the United States may be served by "leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

This was not done. Jaiswal has the burden to complete and demonstrate effective service. *See Cichocki v. Massachusetts Bay Cmty. Coll.*, No. 15-cv-10663-JGD, 2016 WL 1239236, at *3 (D. Mass. Mar. 29, 2016) (citing *Aly v. Mohegan Council-Boy Scouts of America*, No. 08-40099-FDS, 2009 WL 3299951, at *2 (D. Mass. Apr. 20, 2009)). Courts also consider "whether the plaintiff acted in bad faith or intentionally failed to adhere to the rules." *See Aly*, 2009 WL 3299951, at *3.

*No Justifiable Reason for Delay in Perfection of Service*

      Jaiswal's gamesmanship and bad faith in intentionally delaying service of process not only impugn the sanctity of Fed. R. Civ. P. 4(e) and 4(m), but also result in unfair gain in this and contemporaneous litigation between the parties.

      Jaiswal has created and is profiting from a false narrative that Chaturvedi is not able to be contacted and therefore is not responsibly prosecuting for almost 90 days. This slander has been used to mislead prospective investors and other members of the CA-System, further harming Chaturvedi during a sensitive fundraise period.

*Pending Lawsuit Filing by Chaturvedi*

      The subject matter of Chaturvedi's lawsuit relates to (1) Jaiswal's escalating and willful infringements of several marks of Chaturvedi in violation of the Lanham Act, (2) enforcement of provisions of Jaiswal's defaulted Promissory Note and Security Agreement, and (3) the breach of Jaiswal's Compact with Chaturvedi.

## CONCLUSION

      Chaturvedi has struggled to mitigate harm from Jaiswal's manufactured crises one after another. Relevant to this lawsuit, during the last 90 days, Jaiswal has persisted in willfully and recklessly harming Chaturvedi and the CA-System.

      After Jaiswal's false submissions to the USPTO under the penalty of perjury, related to his infringement of CA-System's licensed marks during 2019-2020, were discovered and after Chaturvedi informed the USPTO and the Court, Jaiswal abandoned his pending applications during the Court proceedings in 1:20-cv-11880. *Supra* Notes 8, 10.

      After these acts (*supra* at 5) were discovered on or about 10/21/2021, and investigated, Chaturvedi issued a Notice on 11/9/2021 to Jaiswal. On being caught red-handed again, Jaiswal

without compunction has retaliated by falsely alleging fraud in his complaints against Chaturvedi with government agencies in Virginia and Nevada. To delay and effectively deny Chaturvedi the right and opportunity to effectively petition in this action, Jaiswal has flouted and violated Rule 4(e) and has played fast and loose with Rule 4(m).

Chaturvedi seeks a remedy of dismissal of this lawsuit because in his bad-faith act to not effect proper service of process. Jaiswal seeks collateral gain by creating an adverse colorable record against Chaturvedi in this docket. Chaturvedi must now also vigorously oppose and remedy Jaiswal's actions with the Secretaries of State in Massachusetts, Virginia, and Nevada.

It is within this Court's discretion to direct the plaintiff to effect proper service of process or dismiss this action under Fed. R. Civ. P. 12(b)(4) and 12(b)(5).

## **PRAYER FOR RELIEF**

*Wherefore,* Chaturvedi, for the foregoing reasons and for good cause, respectfully requests the Court to:

    (i)    *Dismiss* this action; or, in the alternative, *direct* the plaintiff to effect proper service of process.

    (ii)    *Grant* any other relief the Court deems just.

Dated: November 17, 2021

Respectfully submitted,

RAHUL CHATURVEDI

**Rahul Chaturvedi**
*Pro se*
775 East Falmouth Hwy, #351,
East Falmouth, MA 02536
(T) 7083750070 (F) 7083750099
rahul.chaturvedi.md@gmail.com

**Defendant's Motion to Dismiss**        8        **Case No. 1:21-cv-11403-FDS**

## RULE 7.1 DECLARATION

Prior to filing this motion, Chaturvedi reached out to plaintiff's counsel via email. Attorney Mack responded that plaintiff had 90 days to perform service and further maintains that Chaturvedi has already been served properly.

## CERTIFICATE OF SERVICE

I certify that on November 17, 2021, true and correct copies of the foregoing motion were served by email to Attorney David Mack, attorney for plaintiff.

**Rahul Chaturvedi**
*Pro se*
775 East Falmouth Hwy, #351,
East Falmouth, MA 02536
(T) 7083750070 (F) 7083750099
rahul.chaturvedi.md@gmail.com